# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH JACQUET | CIVIL ACTION NO. 6:11-cv-1817 |
|     LA. DOC #118386 | |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| J. PHIL HANEY., ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Joseph Jacquet, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 7, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center where he is serving the 60-year hard labor sentence imposed on January 20, 1994 following his September 1993 conviction for armed robbery in Louisiana's Sixteenth Judicial District Court, St. Martin Parish.  Petitioner claims that he was falsely charged, convicted, and imprisoned and seeks monetary damages for pain, suffering, negligence, and false imprisonment. He also demands his immediate release from custody.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders  of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Background*

Petitioner was convicted of armed robbery on September 22, 1993 following a trial in the Sixteenth Judicial District Court, St. Martin Parish; on January 20, 1994 he was sentenced to serve

60 years at hard labor.  His conviction and sentence were affirmed on direct appeal on February 19, 1997. *State of Louisiana v. Joseph Jacquet*, 96-1183 (La. App. 3 Cir. 2/19/1997), 688 So.2d 1337. He did not seek further direct review in the Louisiana Supreme Court.

He filed a petition for writ of *habeas corpus* in this Court on December 21, 1994; the petition was dismissed without prejudice on May 2, 1995 because petitioner failed to exhaust state court remedies.  *Jacquet v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:94-cv-2347. On October 2, 1995 he filed pleadings in this court that were ultimately construed as raising both civil rights and *habeas corpus* claims.  The civil rights claims were dismissed as frivolous and the *habeas* claims were again dismissed without prejudice due to petitioner's failure to exhaust available state court remedies. *Jacquet v. Fuselier*, *et al.*,  Civil Action No. 6:95-cv-1761.

On December 22, 2010 petitioner submitted a series of documents and pleadings associated with his state court conviction and his efforts to obtain post-conviction relief in the form of DNA testing in the Sixteenth Judicial District Court.  Again, this filing was deemed deficient since petitioner once again did not use the form required for state prisoners seeking *habeas corpus* relief and, because petitioner failed to pay the filing fee or submit a properly executed application to proceed *in forma pauperis*.  He ultimately cured those deficiencies and on March 17, 2011,  a Report recommending dismissal of petitioner's *habeas* petition as time-barred by the provisions of 28 U.S.C. §2244(d) was submitted.  In that Report, the following was observed, "On February 16, 2011, petitioner submitted the appropriate form. The form petition was accompanied by a hand-written letter dated March 8, 1994 from the petitioner to United States District Court Judge Frank J. Polozola of the United States District Court for the Middle District of Louisiana. [footnote omitted] In that letter, petitioner complained that the evidence was insufficient to support his armed robbery conviction, that he did not receive a fair trial, that felons were allowed to serve as jurors at his trial,

and that the district attorney acted improperly." On April 11, 2011, Judge Melançon rejected petitioner's objections, adopted the Report and Recommendation, and ordered dismissal of the petition with prejudice as time-barred.  Petitioner did not appeal.  *Jacquet v. Warden*, Civil Action No. 6:10-cv-1931.

Instead, he filed another petition for habeas corpus on August 25, 2011 in which he argued a single claim for relief, "Petitioner filed post conviction relief – DNA and was denied. He is only asking that DNA evidence be presented." [See 6:11-cv-1586 at Doc. 1, §12] He prayed for "[e]mergency release [and] receive payment for mental anguish and stress [and] pain and suffering." [*Id*., p. 15] On November 23, 2011 the undersigned issued a Report recommending dismissal of the petition. [*Id*., Doc. 5]

### *Law and Analysis*

#### *1. Screening*

Title 28 U.S.C. §1915(e)(2)(B), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999).

#### *2. Habeas Corpus*

Plaintiff implies that he is innocent and entitled to his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and, since in this instance the plaintiff attacks the lawfulness of his state court conviction and sentence, he would be required to proceed under the provisions of 28 U.S.C. §2254. Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted.

## 2. *Heck v. Humphrey* Considerations

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend that his conviction and hard labor sentence have been reversed, expunged, or declared invalid; indeed, the available evidence indicates that his efforts to collaterally attack the conviction have time and again proven unsuccessful. Plaintiff implies that he is innocent

of the charges of which he stands convicted and he prays for money damages for his wrongful arrest, prosecution, conviction, and imprisonment.  If the court were to grant plaintiff the damages he seeks, such ruling would necessarily implicate the validity of the state district court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that  his conviction, adjudication and sentence have  been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiff has failed to make such a showing.  Consequently, his claim for monetary damages is  "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Plaintiff may assert a claim if and when he can meet the *Heck v. Humphrey* conditions.  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United***

*Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

      In Chambers, Lafayette, Louisiar

                                                                            E JUDGE